**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| In re:<br><br>BLOOMFIELD NURSING OPERATIONS, LLC,<br><br>   Debtor.<br>_____<br><br>BLOOMFIELD NURSING OPERATIONS, LLC, *et al.*,<br><br>   Plaintiffs,<br><br>v.<br><br>AMERIGROUP CORPORATION, INC. and AMERIGROUP COMMUNITY CARE OF NEW MEXICO, INC.,<br><br>   Defendants.<br>_____ | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | (N.D. Tex.-Fort Worth Division)<br><br>Case No. 17-42796-mxm11<br><br>Chapter 11<br><br>Joint Administration Requested<br><br>_____<br><br><br><br><br><br><br><br>CIVIL ACTION NO. 17-_____ |

**NOTICE OF REMOVAL**

Bloomfield Nursing Operations, LLC, Casa Real Nursing Operations, LLC, Española Valley Nursing Operations, LLC, Red Rocks Nursing Operations, LLC, Santa Fe Nursing Operations, LLC, and Sunshine Haven Nursing Operations, LLC file their Notice of Removal under 28 U.S.C. §§ 1452(a) and Federal Rule of Bankruptcy Procedure 9027 and show:

## REMOVED LAWSUIT

1.     The lawsuit being removed is Cause No. D-202-CV-2011-12063 styled *Bloomfield Nursing Operations, LLC, et al. vs. Amerigroup Corporation, Inc. and Amerigroup Community Care of New Mexico, Inc.*, in the Second Judicial District Court of Bernalillo County, New Mexico.

## PARTIES

2.     Plaintiffs Bloomfield Nursing Operations, LLC, Casa Real Nursing Operations, LLC, Española Valley Nursing Operations, LLC, Santa Fe Nursing Operations, LLC, Sunshine Haven Nursing Operations, LLC, Red Rocks Nursing Operations, LLC, Clayton Nursing Operations, LLC, Country Cottage Nursing Operations, LLC, Raton Nursing Operations, LLC, and Silver City Nursing Operations, LLC are Delaware limited liability companies.  Plaintiffs' counsel of record is:

> Gary J. Van Luchene
> Andrew L. Johnson
> KELEHER & MCLEOD, P.A.
> PO Box AA
> Albuquerque, New Mexico 87103
> Tel: (505) 346-4646
> gvl@keleher-law.com
> alj@keleher-law.com

3.     Defendants Amerigroup Corporation, Inc. is a Delaware corporation.  Defendant Amerigroup Community Care of New Mexico, Inc. is a New Mexico corporation.  Defendants' counsel of record is:

> Randy S. Bartell
> Sharon T. Shaheen
> MONTGOMERY & ANDREWS, P.A.
> PO Box 2307
> Santa Fe, New Mexico 87504-2307
> Tel: (505) 982-3873
> rbartell@montand.com
> sshaheen@montand.com

>Jonathan W. Garlough
>FOLEY & LARDNER L.L.P.
>321 N. Clark St., Suite 2800
>Chicago, Illinois 60654-5313
>Tel: (312) 832-4500
>jgarlough@foley.com

4. Defendants have asserted counterclaims against Plaintiffs. Defendants have also asserted third-party claims against New Mexico Skilled Care, LLC, CR Acquisitions, Inc., Renaissance Rehabilitation Services, LLC, Cathedral Rock Management LP, and Cathedral Rock Corporation (collectively, the "Third-Party Defendants"). The Third-Party Defendants and Plaintiffs have the same counsel of record.

## BANKRUPTCY PROCEEDINGS

5. On July 3, 2017, Plaintiffs Bloomfield Nursing Operations, LLC, Casa Real Nursing Operations, LLC, and Red Rocks Nursing Operations, LLC filed chapter 11 bankruptcy petitions in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division. On July 17, 2017, Plaintiffs Española Valley Nursing Operations, LLC, Santa Fe Nursing Operations, LLC, and Sunshine Haven Nursing Operations, LLC, also filed chapter 11 petitions in that court, along with four affiliated companies: Cathedral Rock Corporation, Cathedral Rock Investments, Inc., Cathedral Rock Management I, Inc., and Cathedral Rock Management LP. The entities referenced in this paragraph are collectively referred to as the "Debtors".[1] The Debtors who are also Plaintiffs in this lawsuit are collectively referred to as the "Debtor Plaintiffs".

---

[1] The Debtors' case numbers are: 17-42796 (Bloomfield); 17-42797 (Casa Real); 17-42799 (Red Rocks); 17-42927 (Cathedral Rock Corporation); 17-42928 (Cathedral Rock Investments, Inc.); 17-42929 (Cathedral Rock Management I, Inc.); 17-42930 (Cathedral Rock Management LP); 17-42932 (Española); 17-42933 (Santa Fe); and 17-42934 (Sunshine Haven). Plaintiffs Clayton Nursing Operations, LLC, Country Cottage Nursing Operations, LLC, Raton Nursing Operations, LLC, and Silver City Nursing Operations, LLC are not in bankruptcy.

**BASIS FOR REMOVAL**

**A.     Legal standard.**

6.     Section 1452 of Title 28 allows state law claims to be removed where federal jurisdiction exists over those claims under 28 U.S.C. § 1334. Section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of [Title 28].

7.     Section 1334(b) of Title 28 grants the district courts "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Matters "arising under" and "arising in" bankruptcy cases are defined as "core proceedings." 28 U.S.C. § 157(b)(1). A proceeding arises under the Bankruptcy Code if it asserts a cause of action created by that statute, such as an avoidance action. *See Wood v. Wood (In re Wood)*, 825 F.2d 90, 96-97 (5th Cir. 1987). Proceedings arising in a bankruptcy case are those that could not exist outside of bankruptcy but are not causes of action created by the Bankruptcy Code. *Bergstrom v. Dalkon Shield Claimants Trust (In re A.H. Robins Co.)*, 86 F.3d 364, 372 (4th Cir. 1996); *Wood*, 825 F.2d at 97.

8.     A non-exhaustive list of core proceedings is set forth in 28 U.S.C. § 157(b)(2). These proceedings include "matters concerning the administration of the estate," "allowance or disallowance of claims against the estate," and "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship[.]" 28 U.S.C. § 157(b)(2)(A), (B), and (O).

9.     A claim or lawsuit is "related to" a bankruptcy case if it could have been commenced in federal or state court independently of the bankruptcy case but the "'outcome of that proceeding could conceivably have any effect on the estate being administered in

bankruptcy.'" *Gardner v. United States (In re Gardner)*, 913 F.2d 1515, 1518 (10th Cir. 1990) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)); *see also Edge Petroleum Operating Co. v. GPR Holdings, L.L.C. (In re TXNB Internal Case)*, 483 F.3d 292, 298 (5th Cir. 2007) (same).

**B.     Application of standard to removed lawsuit.**

10.     The Debtor Plaintiffs removed this lawsuit because they hope to speedily liquidate their claims in this proceeding so that they can use their recovery to fund a joint chapter 11 plan for the Debtors.  The Debtor Plaintiffs believe these claims can be liquidated more quickly in the Chapter 11 Court than in state court and intend to file a motion to transfer venue requesting that this lawsuit be transferred there.

11.     Removal of this lawsuit is appropriate because the claims in and the issues raised by this lawsuit either constitute "core proceedings" that "arise in" the Debtors' bankruptcy cases or at least "relate to" those chapter 11 proceedings.

12.     A non-exhaustive list of core proceedings is set forth in 28 U.S.C. § 157(b)(2).  At least three proceedings on section 157(b)(2)'s list of core proceedings apply to the claims and issues raised by this lawsuit.  The Debtor Plaintiffs' claims are assets of their bankruptcy estates. To the extent their recovery in this adversary proceeding is used to fund a joint chapter 11 plan, this lawsuit is a matter "concerning the administration of the estate." 28 U.S.C. § 157(b)(2)(A). Defendants' counterclaims are claims against the Debtor Plaintiffs' estates which must be allowed or disallowed.  *Id.* § 157(b)(2)(B).  And for the same reasons that (A) and (B) apply, this lawsuit falls under § 157(b)(2)(O) too: "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship[.]"

13. Even assuming a particular claim does not constitute a core proceeding, any such claim at least relates to the Debtors' bankruptcy cases. The claims of the Debtor Plaintiffs against Defendants are property of their bankruptcy estates. Should the Debtor Plaintiffs recover against Defendants, they hope to use their recovery to fund a joint chapter 11 plan for the Debtors. Though the Debtor Plaintiffs do not believe Defendants have valid counterclaims against them, to the extent they do, any such counterclaims would offset that recovery, also affecting their ability to fund a plan. In short, the outcome of this lawsuit will likely have a material effect on the Debtors' bankruptcy cases. Accordingly, this lawsuit at least relates to the Debtors' chapter 11 cases.

14. For these reasons, the Court has subject matter jurisdiction over this lawsuit under 28 U.S.C. § 1334(b), making removal under § 1452(a) proper.

15. Removal was timely. Federal Rule of Bankruptcy Procedure 9027(a)(2) permits a lawsuit pending when the primary bankruptcy case was filed to be removed within 90 days after entry of the order for relief under the Bankruptcy Code. Debtors' bankruptcy cases were filed on July 3, 2017 and July 17, 2017. This notice of removal is being filed within the 90-day deadline imposed by Rule 9027(a)(2).

16. Copies of the docket sheet for this lawsuit as well as the First Amended Complaint, Answer to First Amended Complaint with Counterclaim and Third-Party Complaint and Plaintiffs' Reply to Counterclaim, Answer to Third-Party Complaint and Jury Demand are attached hereto as **Exhibit A**.

Dated:  August 14, 2017

Respectfully submitted,

KELEHER & MCLEOD, P.A.

By: */s/ Gary J. Van Luchene*
    Gary J. Van Luchene
    N.M. Bar No. 8352
    Andrew L. Johnson
    N.M. Bar No. 126357
    P.O. Box AA
    Albuquerque, New Mexico  87103
    Tel: (505) 346-4646
    Fax: (505) 346-1370
    gvl@keleher-law.com
    alj@keleher-law.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of August, 2017, I caused the foregoing to be served via first-class mail and email to the following counsel, addressed to:

| | |
|---|---|
| Randy S. Bartell | Jonathan W. Garlough |
| Sharon T. Shaheen | Foley & Lardner LLP |
| Montgomery & Andrews, PA | 321 N Clark St, Ste 2800 |
| PO Box 2307 | Chicago, IL  60654-5313 |
| Santa Fe, NM  87504-2307 | jgarlough@foley.com |
| rbartell@montand.com | *Attorneys for Defendants* |
| sshaheen@montand.com | |
| *Attorneys for Defendants* | |

    */s/ Gary J. Van Luchene*
    Gary J. Van Luchene

4852-0024-8909, v. 1